HUGH BROTHERTON, RESPONDENT, *v.* JOHN DOWNEY, APPELLANT.

*When a defendant may deny allegations of the complaint upon information and belief—Code of Civil Procedure, §§ 524, 526.*

Under the Code of Civil Procedure, a party has no right to interpose an un-

---

* The case is reported in 18 Hun, at p. 466.—REP.

qualified denial in a verified answer, unless it be founded upon personal knowledge ; and where he has no positive knowledge, but has knowledge or information sufficient to form a belief, he is not only permitted, but bound, at his peril, to deny upon information and belief.

APPEAL from that part of an order made at a Special Term, which strikes out paragraph 1 of the defendant's answer as " irrelevant and redundant."

The action was brought to recover damages for slanderous words uttered by the defendant respecting the plaintiff, a carpenter, and his business.

" Paragraph 1 " of the defendant's answer reads as follows : " He denies, *upon information and belief*, each and every allegation contained in the complaint of the plaintiff, Hugh Brotherton, excepting so far as any or either of the allegations therein contained may be hereinafter admitted, denied, or otherwise answered." In the second paragraph of the answer certain allegations of the complaint were admitted, and in the third certain others were specifically denied.

The answer was verified in conformity with section 526 of the Code of Civil Procedure.

*B. T. Kissam*, for the plaintiff.

*H. H. Morange*, for the defendant.

BARRETT, J. :

The defendant, of his own knowlege, denied the uttering of the words alleged to be slanderous. Certain other averments of the complaint, which were not necessarily within his knowledge, he denied upon information and belief. Such latter denial was stricken out as irrelevant and redundant. This, we think, was erroneous. The form of denial was proper. If the defendant had no personal knowledge upon the subject, he could not unqualifiedly deny. If he had knowledge or information sufficient to form a belief, he could not deny such knowledge or information. What, then, was he to do? Clearly, to deny upon information and the belief formed therefrom. Under the Code of Procedure, the denial, whether founded upon personal knowledge, or upon infor-

mation and belief, was in form the same—that is, absolute. By the verification, the defendant was permitted, in a great measure, to impress upon the pleading the operation of his mind. Where the denial was of matter not necessarily within his personal knowledge, he could verify it under the exception of matter stated upon information and belief. Whether such denial was really made upon knowledge or upon information and belief, remained undisclosed upon the record. It was known only to the defendant, and was a matter between himself and his conscience. This was deemed unsatisfactory, and consequently the Code of Civil Procedure provided for a distinct disclosure, upon the face of the pleading, of the character of the denial. Section 526 introduces what is in substance the old chancery verification. (See Rule 18 of the Court of Chancery.) The exception is no longer matter stated on information and belief, but matter stated *to be alleged* on information and belief. Of course, that permits a party to so allege. Nor is this limited to affirmative allegations. For, in section 524, we find that denials as well as allegations are referred to. It is therein provided, that unless the allegations or denials in a verified pleading are "therein stated to be made upon the information and belief of the party, they must be regarded for all purposes, including a criminal prosecution, as having been made upon the knowledge of the person verifying the pleading." It is quite clear, from these provisions, that a party has no right to interpose an unqualified denial in a verified answer unless it be founded upon personal knowledge; and that, where he has no positive knowledge, but has knowledge or information sufficient to form a belief, he is not only permitted, but bound, at his peril, to deny upon information and belief.

The order appealed from must therefore be reversed, with the costs of the disbursements of the appeal.

Davis, P. J., and Ingalls, J., concurred.

Order reversed, with $10 costs and disbursements.